IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
OCT 13 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| OLYMPIC DIAMOND | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § |
| | § |
| JERRY T. KOTWITZ aka Jerry L. | § |
| Kotwitz aka Jerm Kotwitz, Individually | § |
| and d/b/a CHAMPION JEWELERS, | § |
| and CHAMPION JEWELERS, INC. | § |
| | § |
| Defendants. | § |

**H-04-3936**

CIVIL ACTION NO. _____
(JURY DEMANDED)

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT JUDGE OF SAID COURT:

COMES NOW, OLYMPIC DIAMOND ("Olympic"), and makes this its Complaint, and for cause of action against JERRY T. KOTWITZ aka Jerry L. Kotwitz aka Jerm Kotwitz, Individually and d/b/a CHAMPION JEWELERS, and CHAMPION JEWELERS, INC. (both hereinafter referred to jointly as "Defendants" or "Champion") and would show as follows:

### I. Parties

1.     The Plaintiff is a New York corporation with its principal place of business in New York, New York.

2.     Defendant, JERRY T. KOTWITZ aka Jerry L. Kotwitz aka Jerm Kotwitz, Individually and d/b/a Champion Jewelers ("Kotwitz"), is an individual residing in Cypress, Harris County, Texas and may be served by serving him at his principal residence located at 11842 Hickory Hill Lane, Cypress, Texas 77429.

1

3.     Defendant, CHAMPION JEWELERS, INC. ("Champion") is a Texas corporation with its principal place of business in Houston, Harris County, Texas and may be served by serving its registered agent, Thomas R. Cooper, 15531 Kuykendahl, Suite 210, Houston, Texas 77090.

## II.  Jurisdiction and Venue

4.     This Court has jurisdiction under 28 U.S.C. §1332, because this civil action involves an amount in controversy in excess of $75,000.00 exclusive of interest and costs and is between citizens of different states.

5.     This Court has venue under 28 U.S.C. §1391(a), because (i) a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas and (ii) the Defendants reside in this district.  Notwithstanding the existence of a corporate entity, Kotwitz operates the business as a sole proprietor and/or does business individually as Champion Jewelers.

## III.  Background Facts

6.     Olympic is a wholesaler of precious gems, including diamonds. Champion Jewelers is a jewelry retailer. Kotwitz is the principal owner of Champion Jewelers, Inc., a corporation. Kotwitz is the manager of its operations. At all times pertinent to these claims, Olympic dealt with and communicated with Kotwitz, who purported to act on behalf of Champion. References in this Complaint to Champion pertain both to the corporation and to Kotwitz unless otherwise described or made clear in the context.

7.     The events giving rise to these claims involve the time period beginning in August 2004 and until early October 2004. During this period of time the Defendants

2

ordered diamonds on a number of occasions from Olympic. The discussions between Olympic and the Defendants were generally by telephone. Kotwitz made one trip to Olympic's facilities in New York.

8.      Each order was confirmed through a Memorandum describing the stones delivered, their size, description and confirmation of a proposed purchase price. A true and correct copy of each Memorandum upon which this suit is based are attached hereto as Exhibit "A" and incorporated herein by reference as if fully set forth verbatim.

9.      Each Memorandum includes on its reverse, the terms of the transaction. A true and correct copy of the terms of the transaction as set forth in each Memorandum is attached hereto as Exhibit "B" and incorporated herein by reference as if fully set forth verbatim. The Defendants were required to purchase the gems or return them under the terms of the Memorandum. The Defendants have failed and refused to do so.

10.     The purchase price of each one of the diamonds made the basis of the various transactions are described on each of the Memorandum attached as Exhibit "A". The total value of the diamonds delivered which have not yet been paid for or returned is $245,044.40. A true and correct copy of the account is attached hereto as Exhibit "C" and incorporated herein by reference as if fully set forth verbatim.

11.     Demand has been made upon the Defendants to pay or to return the stones. A true and correct copy of the demand is attached hereto as Exhibit "D" and incorporated herein by reference as if fully set forth verbatim.

12.     The account refers to the four (4) diamonds described in the Memorandum contained in Exhibit "A". In accordance with the terms of the parties'

3

agreement (Exhibit "B"), the diamonds are and remain the property of the Plaintiff.

13.     Alternatively,  the  diamonds  described  in  the  attached  Exhibit  "A"
constitute  collateral  for  the  debts  owed  by  the  Defendants  to  Olympic.  Olympic
maintains a security interest in the described diamonds in accordance with the terms of
the parties' agreement (Exhibit "B").

14.     The  four  (4)  diamonds  delivered  also  are  described  in  the  certificates
issued by GIA/United States Gem Laboratory. True and correct copies of the four (4)
certificates are attached hereto as Exhibit "E" and incorporated herein by reference as
if fully set forth verbatim.

15.     Despite the demands of Olympic, the Defendants have refused to return
the diamonds or account for their whereabouts and have failed and refused to pay for
the diamonds.

16.     During the course of discussions of the outstanding balances owed and
return of the diamonds, the Defendants promised to make substantial payments for the
jewels and on the account. Pursuant to those discussions, the Defendants delivered a
check numbered 1001 on a Champion Jewelers, Inc. account at Sterling Bank in the
sum  of  $40,941.00  for  two  of  the  stones.  This  check  was  returned  unpaid  with  a
notation that there were insufficient funds in the account. A true and correct copy of the
returned check is attached hereto as Exhibit "F" and incorporated herein by reference
as if fully set forth verbatim.

17.     Olympic has performed all conditions precedent to its rights and claims or
all such conditions precedent have occurred or will occur prior to trial.

4

## IV. Causes of Action

### Breach of Contract

18.     Champion has breached its agreement with Olympic. As a direct and proximate result of the breach of contract, Olympic has been damaged in a sum of at least $245,044.04 for which it now sues.

19.     Pursuant to the provisions of §38.001 *et seq.*, Tex. Civ. Prac. & Rem. Code, Olympic is entitled to recover its attorney's fees incurred in connection with prosecution of this case through trial and on appeal, for which it now sues.

### Conversion

20.     The Defendants' conduct constitutes conversion in that the Defendants wrongfully obtained possession of Olympic's property and refused to return it when required to do so and after Olympic's demand for its return.

21.     Additionally or alternatively, the Defendants' conduct constitutes conversion in that the Defendants, after lawfully obtaining possession of Olympic's property, have failed to return the property after they no longer have a legal right to maintain possession. Defendants have refused to return the property when required to do so and after Olympic's demand for its return.

22.     As a direct and proximate result of the conversion, Olympic has been damaged in a sum of at least $245,044.04, for which it now sues. These damages constitute the present value of its property which has been lost. Such value may be subject to increase.

23.     As a result of the Defendants' conversion of property, Olympic is entitled

to recover exemplary and/or punitive damages. The Defendants acted with malice and/or Defendants' conduct was willful, wanton and malicious. Plaintiff seeks recovery of exemplary damages in a sum of at least four times its actual damages.

### Theft and Liability

24.     The Defendants have committed theft and are therefore liable under Chapter 31, Tex. Civ. Prac. & Rem. Code, for all of Olympic's actual damages in a sum of at least $245,044.04. In addition, as a result of the Defendants' misconduct, Plaintiff has been required to engage an attorney to prosecute its claims. Olympic is, therefore, entitled to recover its reasonable and necessary attorney's fees and costs pursuant to the statute.

### Fraud / Constructive Fraud

25.     The Defendants' conduct constitutes fraud and/or constructive fraud in that the Defendants have (1) made representations to the Plaintiff; (2) the representations were material; (3) the representations were false; (4) Defendants knew the representations were (a) false or (b) made the representations recklessly, as a positive assertion without knowledge of their truth; (5) made the representations with the intent that Olympic act upon them; (6) Olympic relied upon the representations; and (7) the representations caused Olympic injury.

26.     Moreover, in addition to factual misrepresentations, the Defendants made promises of future performance on which Olympic relied. The Defendants had no intention to perform when the promises were made and have failed to perform, proximately causing Olympic's damages.

proximately causing Olympic's damages.

27.     In addition, Defendants failed to disclose material facts to Olympic with the intention that Olympic rely upon them. Olympic relied upon the lack of disclosure and was proximately damaged thereby.

28.     The Defendants' misconduct was a proximate cause of damages to Olympic in a sum of at least $245,044.04, consisting of the present value of the diamonds delivered for which Olympic ha not been paid.

29.     Additionally, as a result of Defendants' misconduct, Olympic is entitled to recovery of exemplary and/or punitive damages. The Defendants acted with malice and/or the conduct of the Defendants was willful, wanton and malicious. Plaintiff seeks recovery of exemplary / punitive damages in a sum of at least four times its actual damages.

## V.  Jury Demand

30.     The Plaintiff demands a trial by jury on all issues in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, OLYMPIC DIAMOND, prays that Defendants, JERRY T. KOTWITZ aka Jerry L. Kotwitz aka Jerm Kotwitz, Individually and d/b/a CHAMPION JEWELERS, and CHAMPION JEWELERS, INC., be cited to appear and answer and that judgment be entered against the Defendants, jointly and severally, as follows:

1.     Actual damages;

2.     Reasonable and necessary attorney's fees;

3.     Pre-judgment and post-judgment interest;

7

4.   All costs of court; and

5.   Such other and further relief that may be just and proper.

Respectfully submitted,

WAUSON & ASSOCIATES, P.C.

By: _____
        **John Wesley Wauson**
        TBA# 20988200
        Fed. ID # 1866

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303
(281) 242-0306 (Facsimile)

*ATTORNEYS FOR PLAINTIFF,*
*OLYMPIC DIAMOND*



# OLYMPIC ◯ DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036

t: 212-382-3888  f: 212-398-3832

800-842-3666

# MEMORANDUM

On Memo To:                                    Ship To:

```
CHAMPION JEWELERS
6222 RICHMOND AVENUE
STE 880
HOUSTON TX 77057
```

SUBJECT TO TERMS ON REVERSE SIDE

| DATE | MEMO NO. | ACCT NO. | PURCH. ORDER | SHIPPED VIA | |
|------|----------|----------|--------------|-------------|---|
| 06/28/04 | 110884 | 8495 | AK | UPS | AK |

| Lot No. | Stones | Carats | Description | Price/Ct | Amount |
|---------|--------|--------|-------------|----------|--------|
| AY435X | 1 | 3.01 | 12959979 G VS2 BR | 11200.00 | 33712.00 |



EXHIBIT

_A_

| | | | | | |
|---|---|---|---|---|---|
| 1 | 3.01 | | Page 1 of 1 | Memo Total | 33712.00 |



# OLYMPIC ◈ DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036
t: 212-382-3888  f: 212-398-3832
800-842-3666

# MEMORANDUM

On Memo To:

CHAMPION JEWELERS
6222 RICHMOND AVENUE
STE 880
HOUSTON TX 77057

Ship To:

SUBJECT TO TERMS ON REVERSE SIDE

| DATE | MEMO NO. | ACCT NO. | PURCH. ORDER | SHIPPED VIA | |
|---|---|---|---|---|---|
| 08/03/04 | 112233 | 8495 | AK | UPS | AK |

| Lot No. | Stones | Carats | Description | Price/Ct | Amount |
|---|---|---|---|---|---|
| CE130X | 1 | 3.13 | 13450207 E VS2 BR | 15390.00 | 48170.70 |

| 1 | 3.13 | | Page 1 of 1  Memo Total | | 48170.70 |

# OLYMPIC  DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036
t: 212-382-3888  f: 212-398-3832
800-842-3666

# MEMORANDUM

On Memo To:                                    Ship To:

CHAMPION JEWELERS
6222 RICHMOND AVENUE
STE 880
HOUSTON TX 77057

SUBJECT TO TERMS ON REVERSE SIDE

| DATE | MEMO NO. | ACCT NO. | PURCH. ORDER | SHIPPED VIA | |
|------|----------|----------|--------------|-------------|------|
| 08/12/04 | 112659 | 8495 | AK | UPS | AK |

| Lot No. | Stones | Carats | Description | Price/Ct | Amount |
|---------|--------|--------|-------------|----------|--------|
| 72204XA | 1 | 5.29 | 13554562 E VS1 BR | 25650.00 | 135688.50 |

|   | 1 | 5.29 | Page 1 of 1   Memo Total | | 135688.50 |

# OLYMCIP  DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036
t: 212-382-3888  f: 212-398-3832
800-842-3666

# MEMORANDUM

On Memo To:                                    Ship To:

CHAMPION JEWELERS
6222 RICHMOND AVENUE
STE 880
HOUSTON TX 77057

SUBJECT TO TERMS ON REVERSE SIDE

| DATE | MEMO NO. | ACCT NO. | PURCH. ORDER | SHIPPED VIA | |
|------|----------|----------|--------------|-------------|------|
| 08/25/04 | 113176 | 8495 | AK | UPS | AK |

| Lot No. | Stones | Carats | Description | Price/Ct | Amount |
|---------|--------|--------|-------------|----------|--------|
| CE162X | 1 | 3.01 | 13456224 E VS1 BR | 16490.00 | 49634.90 |
| CE16X | 1 | 3.18 | 13440134 F VS2 BR | 13940.00 | 44329.20 |

2      6.19        Page 1 of 1   Memo Total        93964.10

The merchandise described in and reverse side is received by you, the Consignee, on Memorandum only, at your risk from all hazards regardless of the cause of the loss or damage, only for examination and inspection by prospective purchasers, upon the express condition that all such merchandise shall remain the property of OLYMPIC DIAMOND CORPORATION and shall be returned on demand, in full, in its original form. Until the merchandise is returned and actually received by us, the Consignor, you, the Consignee, shall remain fully responsible therefore, and, in the event of damage or loss, whether caused by Consignee or by another, whether or not under Consignee's control, Consignee will indemnify OLYMPIC DIAMOND CORPORATION immediately by payment of the stated value, which represents the extent of the actual loss (and is not intended to constitute a price for the sale of the merchandise; provided that the stated value may be increased by Consignor notifying Consignee in writing of such increase, plus legal fees of twenty-five (25%) percent of the memorandum value, plus costs and disbursements, if litigation is commenced to enforce Consignor's rights. Consignee further agrees that in the event legal process shall be instituted against it for recovery of the merchandise described herein, or, in the event of conversion of the same, for damages sustained by the Consignor, it hereby waives the filing or posting of any and all bonds which may otherwise be required. In the event of legal action Consignee hereby expressly waives whatever right it may have in the selection of venue and agrees the venue of such suit shall be the City and State of New York. Consignee acquires no right or authority to sell, pledge, hypothecate or otherwise dispose of the merchandise, or any part thereof, by memorandum or otherwise, it being expressly understood that regardless of other transactions or prior trade customs, no credit is extended with respect to this merchandise. A sale of all or any portion of the merchandise shall occur only if and when Consignee shall have received from OLYMPIC DIAMOND CORPORATION a separate invoice covering specific merchandise on the memorandum, provided a sale of any specific part of the merchandise shall not affect the terms hereof with respect to the balance thereof. Receipt of the merchandise constitutes Consignee's agreement to the foregoing terms which represent the entire contract with respect to the merchandise herein described. This contract cannot varied by oral statements, dealings with respect to other merchandise or any other contrary custom of the trade. This memorandum and all future memoranda transactions between Consignor and Consignee shall be governed and construed in accordance with the Laws of the State of New York. Consignee hereby expressly waives whatever right it may have in the selection of venues and agrees that the venue of any litigation shall be in the City and State of New York. This memorandum shall be considered for all purposes a Security agreement and shall cover all future memoranda transactions between Consignor and Consignee. Permission is granted Consignor to file a financing statement under the U.C.C.



EXHIBIT

B

```
Olympic Diamond Corp.          S T A T E M E N T     10/05/04
580 Fifth Avenue
Suite 1200                              Acct No.: 8495
New York NY 10036
                                        Page: 1



CHAMPION JEWELERS
6222 RICHMOND AVENUE
STE 880
HOUSTON TX 77057
```

| Inv # | Date Due | Your Ref # | Amount | Age | Date | Amount Paid | Balance |
|-------|----------|------------|--------|-----|------|-------------|---------|
| 40376 | 09/06/04 | AK | 16856.00 | 30 | | .00 | 16856.00 |
| 40775 | 09/10/04 | AK | 24085.00 | 30 | | .00 | 24085.00 |
| 40775 | 10/10/04 | AK | 24085.70 | CUR | | .00 | 24085.70 |
| 40898 | 08/29/04 | AK | 135688.50 | 30 | | .00 | 135688.50 |
| 41107 | 10/13/04 | AK | 22165.00 | CUR | | .00 | 22165.00 |
| 41107 | 11/12/04 | AK | 22164.20 | CUR | | .00 | |



```
   CURRENT        OVER 30       OVER 60       OVER 90      OVER 120
  68414.90      176629.50          .00           .00          .00

        TOTAL AMOUNT PAID:         .00              BALANCE:  245044.40
```

# OLYMPIC  DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036

t: 212-382-3888  f: 212-398-3832

800-842-3666

# INVOICE

Sold To:                                          Ship To:

CHAMPION JEWELERS
6222 RICHMOND AVENUE
STE 880
HOUSTON TX 77057

| DATE | ACCT # | PURCH ORDER | TERMS | SHIPPED VIA | DUE DATE | INVOICE NO. |
|---|---|---|---|---|---|---|
| 07/08/04 | 8495 | AK | NET 30/60 | UPS | 08/07/04 | 40376 |

| Memo No. | Lot No. | Carats | Stones | Description | Price/Ct | Amount |
|---|---|---|---|---|---|---|
| 110884 | AY435X | 3.01 | 1 | 12959979 G VS2 BR x | 11200.00 | 33712.00 |
| | | 3.01 | 1 | Subtotal | | 33712.00 |

**Page 1 of 1**                          **TOTAL DUE**                          **33712.00**

The diamonds herein invoiced have been purchased from legitimate sources not involved in funding conflict and in compliance with United Nations Resolutions.
The seller hereby guarantees that these diamonds are conflict-free, based on a personal knowledge and/or written guarantees provided by the supplier of these diamonds.

# OLYMPIC  DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036
t: 212-382-3888  f: 212-398-3832
800-842-3666

## INVOICE

Sold To:                                    Ship To:

CHAMPION JEWELERS
6222 RICHMOND AVENUE
STE 880
HOUSTON TX 77057

| DATE | ACCT # | PURCH ORDER | TERMS | SHIPPED VIA | DUE DATE | INVOICE NO. |
|------|--------|-------------|-------|-------------|----------|-------------|
| 08/11/04 | 8495 | AK | NET 30/60 | UPS | 09/10/04 | 40775 |

| Memo No. | Lot No. | Carats | Stones | Description | Price/Ct | Amount |
|----------|---------|--------|--------|-------------|----------|--------|
| 112233 | CE130X | 3.13 | 1 | 13450207 E VS2 BR x | 15390.00 | 48170.70 |

|  |  |  |  |
|--|--|--|--|
| 3.13 | 1 | Subtotal | 48170.70 |

Page 1 of 1                          **TOTAL DUE**                          **48170.70**

The diamonds herein invoiced have been purchased from legitimate sources not involved in funding conflict and in compliance with United Nations Resolutions.
The seller hereby guarantees that these diamonds are conflict-free, based on a personal knowledge and/or written guarantees provided by the supplier of these diamonds.



# OLYMPIC ◆ DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036

t: 212-382-3888  f: 212-398-3832

800-842-3666

# INVOICE

Sold To:

Ship To:

CHAMPION JEWELERS
6222 RICHMOND AVENUE
STE 880
HOUSTON TX 77057

| DATE | ACCT # | PURCH ORDER | TERMS | SHIPPED VIA | DUE DATE | INVOICE NO. |
|---|---|---|---|---|---|---|
| 08/23/04 | 8495 | AK | NET 7 | UPS | 08/29/04 | 40898 |

| Memo No. | Lot No. | Carats | Stones | Description | Price/Ct. | Amount |
|---|---|---|---|---|---|---|
| 112659 | 72204XA | 5.29 | 1 | 13554562 E VS1 BR x | 25650.00 | 135688.50 |

| | | 5.29 | 1 | Subtotal | | 135688.50 |

**TOTAL DUE**                    135688.50

The diamonds herein invoiced have been purchased from legitimate sources not involved in funding conflict and in compliance with United Nations Resolutions.
The seller hereby guarantees that these diamonds are conflict-free, based on a personal knowledge and/or written guarantees provided by the supplier of these diamonds.

# OLYMPIC  DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036
t: 212-382-3888  f: 212-398-3832
800-842-3666

# INVOICE

Sold To:

CHAMPION JEWELERS
6222 RICHMOND AVENUE
STE 880
HOUSTON TX 77057

Ship To:

| DATE | ACCT # | PURCH ORDER | TERMS | SHIPPED VIA | DUE DATE | INVOICE NO. |
|---|---|---|---|---|---|---|
| 09/13/04 | 8495 | AK | NET 30/60 | UPS | 10/13/04 | 41107 |

| Memo No. | Lot No. | Carats | Stones | Description | Price/Ct | Amount |
|---|---|---|---|---|---|---|
| 113176 | CE16X | 3.18 | 1 | 13440134 F VS2 BR x | 13940.00 | 44329.20 |

|  |  | 3.18 | 1 | Subtotal |  | 44329.20 |

Page 1 of 1                          TOTAL DUE                              44329.20

The diamonds herein invoiced have been purchased from legitimate sources not involved in funding conflict and in compliance with United Nations Resolutions.
The seller hereby guarantees that these diamonds are conflict-free, based on a personal knowledge and/or written guarantees provided by the supplier of these diamonds.



# OLYMPIC ⬦ DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036
t: 212-382-3888  f: 212-398-3832
800-842-3666

Date: Oct  4, 2004

  To: JERRY KOTWITZ-- DAVE

From: SALOMON

DEAR JERRY,

PLEASE BE ADVISED THAT I DEMAND IMMEDIATE FULL PAYMENT OF
YOUR INVOICES.ALL PAYMENTS HAVE TO BE IN MY HANDS WITHIN
TWENTY FOUR HOURS OF THIS LETTER.IF YOU CHOSE SO,YOU MAY
RETURN THE MERCHANDISE WITHIN THE TWENTY FOUR HOURS PERIOD
FOR A FULL CREDIT.

FAILING TO COMPLY ,WILL RESULT IN REPORTING YOU TO THE
JEWELERS BOARD OF TRADE,FOLLOWING WITH IMMEDIATE LEGAL
ACTION.

I DO HOPE THIS WILL NOT HAVE TO COME ABOUT.

SINCERELY YOURS,

SALOMON ZICHERMAN            (PS.ATTACHED COPIES OF INVOICES)

EXHIBIT
D



# GIA
## GEM TRADE LABORATORY

**New York Headquarters**
580 Fifth Avenue | New York, NY 10036-4794
T: 212-221-5858 | F: 212-575-3095

**Carlsbad**
5355 Armada Drive | Carlsbad, CA 92008-4666
T: 760-603-4500 | F: 760-603-1814

## DIAMOND GRADING REPORT

November 10, 2003

|||||||||||||||||||||
212870202

Shape and Cutting Style ..................... ROUND BRILLIANT
Measurements .................................. 9.39 - 9.42 x 5.59 mm
Weight ............................................ 3.01 carat

Proportions
Depth .......................................................... 59.4 %
Table ........................................................... 61 %
Girdle ............................................. MEDIUM, FACETED
Culet ............................................................. NONE

Finish
Polish ................................................... VERY GOOD
Symmetry ............................................... EXCELLENT

Clarity Grade ................................................... VS2
Color Grade ...................................................... G
Fluorescence ............................................... NONE

Comments:
Pinpoints are not shown.
Surface graining is not shown.

This Report is not a guarantee, valuation or appraisal. This Report contains only the characteristics of the diamond described herein after it has been graded, tested, examined and analyzed by GIA Gem Trade Laboratory under 10X magnification, and/or has been inscribed using the techniques and equipment available to GIA Gem Trade Laboratory at the time of the examination and/or at the time of being inscribed, including fully corrected triplet loupe and binocular microscope, master color comparison diamonds, standardized viewing environment and light source, electronic carat balance, synthetic diamond screening device, high-intensity short-wave fluorescence imaging system, short-wave ultraviolet transmission detection system, optical measuring device, micro laser inscribing device, ProportionScope®, ultraviolet lamps, millimeter gauge, and ancillary instruments as necessary. Red symbols denote internal characteristics (inclusions). Green or black symbols denote external characteristics (blemishes). Diagram is an approximate representation of the diamond, and symbols shown indicate type, position and approximate size of clarity characteristics. All clarity characteristics may not be shown. Details of finish are not shown. The recipient of this Report may wish to consult a credentialed Jeweler or Gemologist about the importance and interrelationship of cut, color, clarity and carat weight.

| GIA CLARITY SCALE | GIA COLOR SCALE |
|---|---|
| FLAWLESS | D |
| INTERNALLY FLAWLESS | E |
| VVS₁ | F |
| VVS₂ | G |
| VS₁ | H |
| VS₂ | I |
| | J |
| | K |
| SI₁ | L |
| SI₂ | M |
| | N |
| I₁ | O |
| | P |
| | Q |
| | R |
| I₂ | S |
| | T |
| | U |
| | V |
| | W |
| I₃ | X |
| | Y |
| | Z |



**EXHIBIT**
E



**IMPORTANT DOCUMENT. STORE SAFELY**

## KEY TO SYMBOLS
Needle



## GIA
### GEM TRADE LABORATORY

**New York Headquarters**
580 Fifth Avenue | New York, NY 10036-4794
T: 212-221-5858 | F: 212-575-3095

**Carlsbad**
5355 Armada Drive | Carlsbad, CA 92008-4699
T: 760-603-4500 | F: 760-603-1814

**GIA REPORT 13450207**

### DIAMOND GRADING REPORT

164279301

July 08, 2004

Shape and Cutting Style ..................... ROUND BRILLIANT
  Measurements ................................. 9.41 - 9.47 x 5.78 mm
  Weight ........................................... 3.13 carat

Proportions
  Depth ............................................ 61.2 %
  Table .............................................. 56 %
  Girdle ............................. THIN TO MEDIUM, FACETED
  Culet ............................................. NONE

Finish
  Polish ..................................... EXCELLENT
  Symmetry ................................. EXCELLENT

Clarity Grade ..................................... VS2
Color Grade ......................................... E
Fluorescence ...................................... NONE

Comments:
Pinpoints are not shown.

This Report is not a guarantee, valuation or appraisal. This Report contains only the characteristics of the diamond described herein after it has been graded, tested, examined and analyzed by GIA Gem Trade Laboratory under 10X magnification, and/or has been inscribed, using the techniques and equipment available to GIA Gem Trade Laboratory at the time of the examination and/or at the time of being inscribed, including fully corrected triplet loupe and binocular microscope, master color comparison diamonds, standardized viewing environment and light source, electronic carat balance, synthetic diamond screening device, high intensity short wave fluorescence imaging system, short wave ultraviolet transmission detection system optical measuring device, micro laser inscribing device, ProportionScope® ultraviolet lamps, millimeter gauge, and ancillary instruments as necessary. Red symbols denote internal characteristics (inclusions). Green or black symbols denote external characteristics (blemishes). Diagram is an approximate representation of the diamond, and symbols shown indicate type, position, and approximate size of clarity characteristics. All clarity characteristics may not be shown. Details of finish are not shown. The recipient of this Report may wish to consult a credentialed Jeweler or Gemologist about the importance and interrelationship of cut, color, clarity and carat weight.

GIA
CLARITY
SCALE

GIA
COLOR
SCALE

| FLAWLESS | D |
| INTERNALLY FLAWLESS | E |
| | F |
| VVS₁ | G |
| VVS₂ | H |
| VS₁ | I |
| | J |
| VS₂ | K |
| | L |
| SI₁ | M |
| | N |
| SI₂ | O |
| | P |
| | Q |
| I₁ | R |
| | S |
| | T |
| I₂ | U |
| | V |
| | W |
| | X |
| I₃ | Y |
| | Z |

KEY TO SYMBOLS
  Crystal
  Feather
  Cloud

IMPORTANT DOCUMENT, STORE SAFELY







## GIA
### GEM TRADE LABORATORY

**New York Headquarters**
580 Fifth Avenue | New York, NY 10036-4794
T: 212 221 5858 | F: 212-575 3095

**Carlsbad**
5355 Armada Drive | Carlsbad CA 92009-4698
T: 760 603 4500 | F: 760-603-1814

**GIA REPORT 13554562**

DIAMOND GRADING REPORT

165740001

July 20, 2004

| | |
|---|---|
| Shape and Cutting Style | ROUND BRILLIANT |
| Measurements | 11.37 - 11.47 x 6.75 mm |
| Weight | 5.29 carat |

Proportions

| | |
|---|---|
| Depth | 59.1 % |
| Table | 59 % |
| Girdle | THIN TO MEDIUM, FACETED |
| Culet | SMALL |

Finish

| | |
|---|---|
| Polish | EXCELLENT |
| Symmetry | GOOD |
| Clarity Grade | VS1 |
| Color Grade | E |
| Fluorescence | NONE |

Comments:
Clouds are not shown.

This Report is not a guarantee, valuation or appraisal. This Report contains only the characteristics of the diamond described herein after it has been graded, tested, examined and analyzed by GIA Gem Trade Laboratory under 10X magnification and/or has been inscribed using the techniques and equipment available to GIA Gem Trade Laboratory at the time of the examination and/or at the time of being inscribed, including fully corrected tripod loupe and binocular microscope master color comparison diamonds, standardized viewing environment and light source, electronic carat balance, synthetic diamond screening device, high intensity short wave fluorescence imaging system, short wave ultraviolet transmission detection system, optical measuring devices, micro laser inscribing device, Proportionscope® ultraviolet lamps, millimeter gauge and ancillary instruments as necessary. Red symbols denote internal characteristics (inclusions). Green or black symbols denote external characteristics (blemishes). Diagram is an approximate representation of the diamond and symbols shown indicate type, position, and approximate size of clarity characteristics. All clarity characteristics may not be shown. Details of finish are not shown. The recipient of this Report may wish to consult a credentialed Jeweler or Gemologist about the importance and interrelationship of cut, color, clarity and carat weight.

GIA CLARITY SCALE / GIA COLOR SCALE

FLAWLESS
INTERNALLY FLAWLESS
VVS₁
VVS₂
VS₁
VS₂
SI₁
SI₂
I₁
I₂
I₃

D E F G H I J K L M N O P Q R S T U V W X Y Z






**IMPORTANT DOCUMENT, STORE SAFELY**

**KEY TO SYMBOLS**
- Crystal
- Needle



## GIA
### GEM TRADE LABORATORY

**New York Headquarters**
580 Fifth Avenue | New York, NY 10036-4794
T: 212-221-5858 | F: 212-575-3095

**Carlsbad**
5355 Armada Drive | Carlsbad, CA 32008-4699
T: 760-603-4500 | F: 760-603-1814

DIAMOND GRADING REPORT

GIA REPORT 13440134

July 07, 2004

Shape and Cutting Style ...................... ROUND BRILLIANT
Measurements ................................. 9.38 - 9.48 x 5.81 mm
Weight ............................................... 3.18 carat

Proportions
Depth ................................................. 61.6 %
Table ................................................. 59 %
Girdle ...........................SLIGHTLY THICK, FACETED
Culet ................................................ NONE

Finish
Polish ...........................................VERY GOOD
Symmetry ....................................VERY GOOD

Clarity Grade .......................................... VS2
Color Grade ............................................ F
Fluorescence ...................................... FAINT

Comments:
Surface graining is not shown.

164108501

This Report is not a guarantee, valuation or appraisal. This Report contains only the characteristics of the diamond described herein after it has been graded, tested, examined and analyzed by GIA Gem Trade Laboratory under 10X magnification, and/or has been inscribed, using the techniques and equipment available to GIA Gem Trade Laboratory at the time of the examination and/or at the time of being inscribed, including fully corrected triplet loupe and binocular microscope, master color comparison diamonds, standardized viewing environment and light source, electronic carat balance, synthetic diamond screening device, high intensity short wave fluorescence imaging system, short wave ultraviolet transmission detection system, optical measuring device, micro laser inscribing device, ProportionScope™, ultraviolet lamps millimeter gauge, and ancillary instruments as necessary. Red symbols denote internal characteristics (inclusions). Green or black symbols denote external characteristics (blemishes). Diagram is an approximate representation of the diamond, and symbols shown indicate type, position, and approximate size of clarity characteristics. All clarity characteristics may not be shown. Details of finish are not shown. The recipient of this Report may wish to consult a credentialed Jeweler or Gemologist about the importance and interrelationship of cut, color, clarity and carat weight.

GIA CLARITY SCALE

FLAWLESS
INTERNALLY FLAWLESS
VVS₁
VVS₂
VS₁
VS₂
SI₁
SI₂
I₁
I₂
I₃

GIA COLOR SCALE

D
E
F
G
H
I
J
K
L
M
N
O
P
Q
R
S
T
U
V
W
X
Y
Z



KEY TO SYMBOLS
Crystal
Feather




IMPORTANT DOCUMENT, STORE SAFELY



CHAMPION JEWELERS INC.
6222 RICHMOND AVE. STE. 880
HOUSTON, TX 77057

1001

88-554/1130
2

PAY
TO THE
ORDER OF   *Olympic*                                                          $ *4,094.00*

*fourty thown nine Hundy ninety four & 92*                                    DOLLARS

**Sterling Bank**
P.O. Box 40333 • 713/466-8300 • Houston, TX 77240-0333
713-777-BANK • 24 Hr Account Info
www.bankatsterling.com

RETURN NOT PAID
NSF Unless Otherwise Marked
DATE 9-10-04
☐ ACCOUNT CLOSED
☐ DRAWN AGAINST UNCOLLECTED FUNDS
☐ ENDORSEMENT
☐ PAYMENT STOPPED
☐ SIGNATURE
OTHER:

FOR  *301 leaf 1/2   313  1/2*

"00 100 1"  ⑆ 113005549⑆  ⑈ 021054088⑈           "0004094100"



EXHIBIT
F

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Olympic Diamond

**DEFENDANTS**

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
OCT 13 2004
Michael N. Milby, Clerk of Court

Jerry T. Kotwitz aka Jerry L. Kotwitz aka Jerry Kotwitz, Individually and dba Champion Jewelers, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   Harris
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Wanson & Associates, P.C.
One Sugar Creek Center Blvd., Suite 800
Sugar Land, Tx 77478   (281) 242-0303

Attorneys (If Known)

## H-04-3936

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC 1332—Breach of Contract, Conversion, Injunction, Sequestration

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   10-12-2004

SIGNATURE OF ATTORNEY OF RECORD   John W. Wanson

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b ) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**  Date and sign the civil cover sheet.