# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| OLYMPIC DIAMOND, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JERRY T. KOTWITZ a/k/a Jerry L. | § | CIVIL ACTION NO. H-04-3936 |
| Kotwitz, a/k/a Jerm Kotwitz, | § | |
| Individually and d/b/a | § | |
| CHAMPION JEWELERS, and | § | |
| CHAMPION JEWELERS, INC., | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This breach of contract and fraud case arises originally from Defendants' alleged non-payment for diamonds delivered by Plaintiff. The parties, among other matters, all claim rights to real property located within the Southern District of Texas. The case is pending before the Court on several motions. For the reasons set forth below, the Court dismisses Plaintiff's case at this time without prejudice for failure to prosecute its claims. The Court also denies the request by Countrywide Home Loans, Inc. ("Countrywide") to intervene as a matter of right, and accordingly denies without prejudice Countrywide's motion for summary judgment on the grounds that Countrywide has failed to adduce an adequate evidentiary basis for the relief sought, release of the *lis pendens* filed by Plaintiff.

On July 13, 2005, Plaintiff Olympic Diamond's attorneys sought permission to withdraw from this case as counsel. The Court granted this request by Order entered August 2, 2005, and ordered that, if Plaintiff did not obtain new counsel within 30 days from entry of the order granting counsel's withdrawal, the Court would dismiss this case without prejudice. Order, signed July 29, 2005 [Doc. # 27]. To date, Plaintiff has not objected to this order, no new counsel has entered an appearance for Plaintiff in this matter, and Plaintiff has not sought an extension of time to comply with the Court's directive. Thus, this case will be dismissed without prejudice for Plaintiff's failure to prosecute its claims.

Meanwhile, on August 25, 2005, Countrywide Home Loans, Inc. ("Countrywide") moved to intervene as a matter of right as a third-party defendant in this case[1] and simultaneously sought summary judgment for an order to cancel a *lis pendens* that plaintiff filed and recorded regarding property on which Countrywide claims to hold a first lien.[2]

For intervention, Countrywide relies on Rule 24(a)(2) of the Federal Rules of Civil Procedure. Countrywide avers that it holds a "valid, perfected, first lien in

---

[1] Countrywide Home Loans, Inc.'s Motion to Intervene and Memorandum in Support [Doc. # 29] (collectively, "Intervention Motion").

[2] Countrywide Home Loans, Inc.'s Motion for Summary Judgment to Cancel *Lis Pendens* and Memorandum in Support [Doc. # 28] (collectively, "Countrywide's Summary Judgment Motion").

property"[3] on which Plaintiff has filed and recorded a notice of *lis pendens* that names the property as being affected by the outcome of this litigation. Countrywide states (but provides no evidentiary support) that it holds a first lien on the Property pursuant to a deed of trust executed on or about December 4, 2003, as security for a loan from Countrywide's predecessor-in-interest, Security National Mortgage Company, to Defendant Jerry T. Kotwitz ("Kotwitz"). Countrywide also states that the promissory note it now holds is in default and has been delinquent since at least April 2004, which is prior to the events alleged in the Complaint filed by Plaintiff in this case.[4]

In support of intervention, Countrywide contends there is substantial risk that its ability to protect its interest may be impaired without intervention in this suit because the *lis pendens* filed by Plaintiff prevents resale of the Property at its fair market value, and the *lis pendens* is "wrongful," inasmuch as – allegedly – Plaintiff has no right or interest in the Property. Neither Plaintiff nor Defendants have filed any response or objection to Countrywide's Intervention Motion. However, because the Court finds that the *lis pendens* does not impair Countrywide's interest in the Property, the Intervention Motion is denied.

---

[3]  The property is described as "Lots 20 and 21, Block 2, Wildwood Section 1, and having the address of 11842 Hickory Hill Lane, Cypress, Texas 77429" (the "Property").

[4]  Countrywide does not make clear how it obtained the note.

"[A] party is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) (citing *Ford v. City of Huntsville,* 242 F.3d 235, 239 (5th Cir. 2001); *Edwards v. City of Houston,* 78 F.3d 983, 1000 (5th Cir. 1996); *Sierra Club v. Espy,* 18 F.3d 1202, 1204-05 (5th Cir. 1994); *Stallworth v. Monsanto Co.,* 558 F.2d 257, 263-67 (5th Cir. 1977)). To intervene as a matter of right, each of the above four requirements must be met. *Ford,* 242 F.3d at 239.

The certificate of service on the Intervention Motion establishes that Countrywide served Plaintiff and defense counsel with its Intervention Motion. Neither Plaintiff nor Defendants have filed any opposition to the Intervention Motion and the time to do so under the Local Rules of this District has expired. *See* S.D. TEX. R. 7.3, 7.4. The Court thus accepts as true, for the purpose of the Intervention Motion only, the assertions made by Countrywide concerning its interest in the Property and Kotwitz's longstanding default on the promissory note associated with the deed of trust giving rise to Countrywide's interest in the Property. Countrywide correctly notes that,

in the First Amended Complaint [Doc. # 10], Plaintiff alleges on information and belief that Kotwitz "used funds obtained *inter alia* from the sale of diamonds owned by Plaintiff to "pay other indebtedness . . . and/or liens secured by certain real property." Plaintiff's First Amended Complaint, ¶¶ 18, 19.[5] Among the properties listed is the Property subject to the Countrywide lien. *See id.,* ¶ 19. On these grounds, Plaintiff also alleges that it is entitled to a constructive trust against the Property. *Id.,* ¶¶ 32, 33. Countrywide states that Plaintiff has placed a *lis pendens* on the Property, which cloud the Property's title. Countrywide seeks, through intervention in this case, to remove the title cloud. It appears, for the purposes of this Intervention Motion, Countrywide asserts an interest related to the property forming the basis of the controversy in the case into which it seeks to intervene. Further, the existing parties do not adequately represent Countrywide's interest in the Property.

However, Countrywide is not entitled to intervene as a matter of right here because it cannot show that the disposition of this case might impair its ability to protect its interest in the Property. *See Glickman,* 256 F.3d at 375 (citing *Ford,* 242 F.3d at 239; *Edwards,* 78 F.3d at 1000; *Espy,* 18 F.3d at 1204-05; *Stallworth,* 558 F.2d

---

[5] Plaintiff primarily alleges that Kotwitz used the allegedly ill-gotten gains to extinguish an Internal Revenue Service lien against Kotwitz's real property, *see* Plaintiff's First Amended Complaint, ¶¶ 18, 19, adding as an alternative the vague allegation about Kotwitz paying off other unspecified indebtedness on the Property. *See id.*

at 263-67). Texas state courts teach that a *lis pendens* only gives constructive notice of a potential title issue while the underlying cause of action is pending and has no existence separate and apart from the litigation of which it gives notice. *Taliaferro v. Smith*, 804 S.W.2d 548, 550 (Tex. App.—Houston [14th Dist.] 1991, no writ) (citing *Kropp v. Prather,* 526 S.W.2d 283, 287 (Tex. Civ. App.—Tyler 1975, writ ref'd n.r.e.)); *see also Rosborough v. Cook,* 194 S.W. 131, 133 (Tex. 1917) (holding a *lis pendens* operates only during pendency of the suit and only as to matters involved therein, and terminates with the judgment in the absence of appeal). Accordingly, because the Court is hereby dismissing this case, the *lis pendens* ceases to exist and no longer impairs Countrywide's interest in the property. *See id.*

Moreover, intervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means. *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994) (citing *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir. 1970)). Thus, even assuming the *lis pendens* somehow impairs its interest in the Property, Countrywide has the ability to protect that interest by filing an action to quiet title in Texas state court.[6]

---

[6] It is also unclear whether Countrywide's motion is timely, but the Court's decision does not turn on this issue. When determining whether a motion to intervene is timely, one of the factors the Court must consider is the prejudice, if any, Countrywide might suffer if intervention is denied. *See Glickman,* 256 F.3d at 376 (internal citations omitted). As explained above, Countrywide is no longer impaired by the *lis pendens*. Thus, the
(continued...)

Furthermore, even setting aside the threshold issue of intervention, Countrywide has not demonstrated itself entitled to release of the *lis pendens* as a matter of law. Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). The movant meets this initial burden by showing that the "evidence in the record would not permit the nonmovant to carry its burden of proof at trial." *Id.*[7] If the movant meets this burden, the nonmovant must

---

[6] (...continued)
circumstances here militate in favor of a finding of untimeliness.

[7] "When a party moves for summary judgment, . . . '[i]t is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case.'" *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 440 (5th Cir. 2000) (internal citation omitted). "[B]efore the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Id.* (internal quotations and citations omitted). "Indeed, where a motion for summary judgment is solely based on the pleadings or only challenges the
(continued...)

go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)). If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)). Further, "unsworn pleadings do not constitute proper summary judgment evidence." *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (quoting *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994)).

Countrywide has supplied no evidentiary basis to establish its interest in the Property nor demonstrated through evidence that Plaintiff's claims of constructive trust are lacking in merit. Countrywide has not met this burden on the existing record.

For the reasons stated above, it is hereby

**ORDERED** that this case is be **DISMISSED without prejudice**. It is further

**ORDERED** that Countrywide's Motion to Intervene [Doc. # 29] is **DENIED without prejudice,** and Countrywide's Motion for Summary Judgment to Cancel *Lis*

---

7    (...continued)
sufficiency of the plaintiff's pleadings, then such a motion should be evaluated in much the same way as a Rule 12(b)(6) motion to dismiss." *Id.* (citation omitted).

*Pendens* [Doc. # 28] is **DENIED without prejudice**. The Court will issue a separate final order.

SIGNED this **30th** day of **September 2005.**

_____
Nancy F. Atlas
United States District Judge